**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EVELYN ALVIR, | |
| Plaintiff, | Civil Action No.: |
| vs. | |
| AETNA LIFE INSURANCE COMPANY OF HARTFORD a/k/a AETNA LIFE INSURANCE COMPANY a/k/a AETNA, INC., | *Filed Electronically* |
| Defendants. | |

## NOTICE OF REMOVAL

TO:   United States District Court
      Eastern District of New York
      225 Cadman Plaza East
      Brooklyn, NY 11201

Defendant, Aetna Life Insurance Company, appearing on behalf of improperly pled Aetna Life Insurance Company Of Hartford a/k/a Aetna Life Insurance Company a/k/a Aetna, Inc. ("Aetna" or "Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby submits the following Notice of Removal with respect to the above captioned case, which was filed in the Supreme Court of the State of New York, County of Queens, Index No. 706732/2016. In support of this Notice of Removal, Defendant states as follows:

### Timeliness And Background

1.     On June 8, 2016 Plaintiff Evelyn Alvir ("Plaintiff") commenced a civil action against Defendant by filing a Summons with Notice ("Summons With Notice") in the Supreme

3756476-1

Court of the State of New York, County of Queens, Index No. 706732/2016. There are no other parties named in Plaintiff's complaint.

2.    Pursuant to New York law, Defendant was served with process on June 17, 2016. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons with Notice, which constitutes "all process, pleadings, and orders" served upon Defendant in the state court action, is attached hereto as Exhibit A. Because Defendant has filed this Notice of Removal within thirty days of service, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

3.    Plaintiff alleges that she is entitled to damages in the amount of $250,000 for non-payment of benefits due pursuant to the terms of a group health insurance plan issued by the defendant. *(See* Exhibit A, p. 2)  Plaintiff demands payment of $250,000. *(Id.)*

4.    Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

### The Case is Removable Based Upon Diversity Jurisdiction

6.    Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. §1332(a).

7.    In this case, both the "diversity" and "amount in controversy" requirements are met.

2

8.     Plaintiff identifies herself as a citizen of the State of New York by virtue of her stated residence.  (*See* Summons With Notice).

9.     Section 1332 defines corporate citizenship as follows: "[f]or the purposes of this section and section 1441 of this title . . . a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c).

10.     Defendant is incorporated under the laws of the State of Connecticut.   The Summons with Notice was served upon and identifies Aetna's Principal address at 151 Farmington Avenue, Hartford, Connecticut 06156. (See Exhibit B, Affidavit of Joann Conejo, ¶ 7).  Defendant is a citizen of the State of Connecticut and under either analysis is not a citizen of the State of New York. *See* 28 U.S.C. § 1332(c)(l).

11.     Thus, Plaintiff and Defendant are citizens of different states, and this case is "between citizens of different states." 28 U.S.C. §§ 1332(a), (c).

12.     Plaintiff seeks to recover unpaid benefits in the amount of $250,000.00.

13.     Accordingly, the amount in controversy exceeds the $75,000 threshold for diversity jurisdiction. See 28 U.S.C. §§ 1332(a).

14.     Based on the foregoing, this Court has original jurisdiction over Plaintiff's claims. *See* 28 U.S.C. §§ 1331, 1332(a); (c).

## Venue And Notice

15.     This action is removable to this Court. 28 U.S.C. §§ 1441(a), (b).

16.     Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Venue is

proper in this District because, pursuant to 28 U.S.C. § 112(b), this District embraces the Supreme Court of the State of New York, County of Queens, the place where the removed action has been pending.  28 U.S.C. § 1441(a).

17.     Promptly upon the filing of this Notice of Removal, Defendant shall file a Notice of Filing of Notice of Removal, with a copy of the Notice of Removal, with the Supreme Court of the State of New York, County of Queens, and will serve a copy thereof on Plaintiff through her counsel, pursuant to 28 U.S.C. 1446(d). A copy of this notice is attached hereto at Exhibit C.

18.     Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332; therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

**WHEREFORE,** Defendant submits that this action properly is removable based on diversity jurisdiction and respectfully requests that the above-described action pending against it be removed to the United States District Court for the Eastern District of New York.

Dated: July 7, 2016          By:     *s/ Patricia A. Lee*
                                      PATRICIA A. LEE
                                      plee@connellfoley.com
                                      888 Seventh Avenue
                                      9th Floor
                                      New York, NY 10106
                                      -and-
                                      85 Livingston Avenue
                                      Roseland, New Jersey 07068
                                      (973) 535-0500 / (973) 535-9217 (Fax)

                                      *Attorneys for Defendant Aetna Life Insurance
                                      Company*

3756476-1

# EXHIBIT A



**Service of Process**

Date: _6/17/16_

Time: _13. 25 p_

Served by: _ALAN JONES_

Accepted By: _____
(Print Name)

Signature: _____

151612

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------x

EVELYN ALVIR,

                                        Plaintiff,

                    -against-

AETNA LIFE INSURANCE COMPANY OF HARTFORD,
a/k/a AETNA LIFE INSURANCE COMPANY a/k/a
AETNA, INC..

                                        Defendants,

-----------------------------------------------------------------x

FileD 6/8/16

Index No.: 70673 2/2016

Plaintiff designates
Queens County as the
place of trial

The basis of venue is
Plaintiff's residence

**SUMMONS with NOTICE**

Plaintiff resides at
78-20 Springfield Blvd.
Oakland Gardens, New York
11364
County of Queens

To the above named Defendants:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy
of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the plaintiffs' attorney within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if the summons is
not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated:   November 10, 2009

Defendants' Address:
151 Farmington Avenue
Hartford, Connecticut 06156

Attorney for Plaintiff:
Lester D. Janoff, P.C.
200 Broadhollow Road-Ste. 207
Melville, New York 11747

Notice:   The nature of this action is for compensatory and punitive damages based on a cause of action for breach of contract and a cause of action under the Employee Retirement Income Security Act (ERISA) Section 502(a)(1)(B) for non-payment of benefits due, and to enforce rights, pursuant to the terms of a group health insurance plan issued by the defendant.   The claim arose on or about November 9, 2015, and continues to date.

The relief sought is a money judgment in an amount of Two Hundred and Fifty Thousand Dollars ($250,000.00).

Upon your failure to appear, judgment will be taken against you by default with interest from November 9, 2015, and the costs of this action.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF   QUEENS
-------------------------------------------------------------------x
Evelyn Alvir,

                                        Plaintiff/Petitioner,

              - against -                                                Index No. _____
Aetna Life Insurance Company of Hartford, a/k/a
Aetna Life Insurance Company, a/k/a Aetna, Inc.
                                        Defendant/Respondent.
-------------------------------------------------------------------x

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above has been commenced as an
electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as
required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice
is being served as required by that rule.

NYSCEF is designed for the electronic filing of documents with the County Clerk and the
court and for the electronic service of those documents, court documents, and court notices upon
counsel and unrepresented litigants who have consented to electronic filing.

Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be
filed with the County Clerk and the court and served on other parties simply, conveniently, and
quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the
NYSCEF Website, which can be done at any time of the day or night on any day of the week. The
documents are served automatically on all consenting e-filers as soon as the document is uploaded
to the website, which sends out an immediate email notification of the filing.

The NYSCEF System charges no fees for filing, serving, or viewing the electronic case
record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid,
but this can be done on-line.

Parties represented by an attorney: An attorney representing a party who is served with
this notice must either: 1) immediately record his or her representation within the e-filed matter on
the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action
is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that
they lack the computer hardware and/or scanner and/or internet connection or that they lack (along
with all employees subject to their direction) the operational knowledge to comply with e-filing
requirements. [Section 202.5-bb(e)]

Parties not represented by an attorney: Unrepresented litigants are exempt from e-
filing. They can serve and file documents in paper form and must be served with documents
in paper form. However, an unrepresented litigant may participate in e-filing.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit █████████████████ ███████. Unrepresented litigants also are encouraged to visit ████████████ or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at ████████████ or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: ████████████).

Dated: 6 / 8 / 16
_____

_____
Signature

Lester D. Janoff
_____
Name

Lester D. Janoff, P.C.
_____
Firm Name

200 Broadhollow Road - Suite 207
_____
Address

Melville, New York 11747
_____

631-393-5037
_____
Phone

lesjanlaw@yahoo.com
_____
E-Mail

To:   Aetna Life Insurance Company of Hartford
_____
Aetna Life Insurance Company

Aetna, Inc.
_____

151 Farmington Avenue
Hartford, Connecticut
06156

9/3/15

Index   #                    Page 2  of 2                    EFM-1

## CERTIFICATION OF ATTORNEY

I hereby certify under penalty of perjury and as an officer of the court that I have no

knowledge that the substance of any of the factual submissions contained in the

attached documents are false.   To the best of my knowledge, information and belief,

formed after reasonable inquiry under the circumstances, the presentation of the paper

or the contentions therein are not frivolous as defined in subsection (c) of Section

130.1.1 of the Rules of the Chief Administrator.

LESTER D. JANOFF
200 Broadhollow Road, Suite 207
Melville, New York 11747
631-393-5037

Dated:   Melville, New York
         June 8, 2016

PLEASE take notice that the within is a (*certified*)
true copy of a
duly entered in the office of the clerk of the within
named court on

Dated,

Yours, etc.

LESTER D. JANOFF
ATTORNEY AT LAW

*Attorneys for*

*Office and Post Office Address*

BROADHOLLOW CENTER
200 BROADHOLLOW ROAD, SUITE 207
MELVILLE, NEW YORK 11747

To

Attorney(s) for

NOTICE OF SETTLEMENT

PLEASE take notice that an order

of which the within is a true copy will be presented
for settlement to the Hon.

one of the judges of the within named Court, at

on
at            M.
Dated,

Yours, etc.

LESTER D. JANOFF
ATTORNEY AT LAW

*Attorneys for*

*Office and Post Office Address*

BROADHOLLOW CENTER
200 BROADHOLLOW ROAD, SUITE 207
MELVILLE, NEW YORK 11747

To

Attorney(s) for

---

Supreme Court State of New York
County of QUEENS

EVELYN ALVIR,

PLAINTIFF,

-VS-

AETNA LIFE INSURANCE COMPANY OF
HARTFORD, a/k/a Aetna Life Insurance Company
a//k/a Aetna, Inc.

DEFENDANTS.

SUMMONS WIITH NOTICE

Signature (Rule 130-1.1-a)

Print name beneath
Lester D. Janoff

LESTER D. JANOFF
ATTORNEY AT LAW

*Attorneys for* Plaintiff

*Office and Post Office Address, Telephone*

BROADHOLLOW CENTER
200 BROADHOLLOW ROAD, SUITE 207
MELVILLE, NEW YORK 11747
(631) 393-5037

To

Attorney(s) for

Service of a copy of the within is hereby admitted
Dated

Attorney(s) for

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

EVELYN ALVIR,

                    Plaintiff,                        Civil Action No.:

vs.

AETNA LIFE INSURANCE COMPANY OF              **AFFIDAVIT OF**
HARTFORD a/k/a AETNA LIFE INSURANCE          **JOANN CONEJO**
COMPANY a/k/a AETNA, INC.,
                                             *Filed Electronically*
                    Defendants.

Joann Conejo, being duly sworn, deposes and states:

1.      I submit this affidavit in support of removal of the above-captioned case.  If called as a witness I could and would competently testify to the following.

2.      I am a paralegal in Aetna's Law Department.   In my current position, I am involved in litigation matters at Aetna.  I am familiar with Aetna's internal systems for identifying the health plan in which a member is enrolled and with Aetna's process for maintaining plan documents.

3.      According to Aetna's records, Evelyn Alvir was enrolled in an employer-sponsored group health benefits plan through United Nations (the "Plan"), which was in effect at the time Evelyn Alvir received the services for which Plaintiff seeks reimbursement in the Complaint, starting on or about November 9, 2015.

4.      The health and welfare benefit plan applicable to Evelyn Alvir is a self-funded Plan for which Aetna acted as claims administrator.  The Aetna entity that acted as the claims administrator is Aetna Life Insurance Company.

3752207-1

5.    Aetna Life Insurance Company is a corporation organized and existing under the laws of the State of Connecticut, with an office and principal place of business located 151 Farmington Avenue, Hartford, CT 06156.

I solemnly affirm under the penalties of perjury that the contents of this affidavit are true to the best of my knowledge, information, and belief.

By: _Joann Conejo_ (signature)
      Joann Conejo

Dated: July 7, 2016

2

3752207-1

# EXHIBIT C

Patricia A. Lee
CONNELL FOLEY LLP
888 7th Avenue, 9th Floor
New York, New York 10106
(212) 307-3700
*Attorneys for Defendant*
*Aetna Life Insurance Company*

SUPREME COURT OF THE STATE OF NEW YORK
QUEENS COUNTY

|  |  |
|---|---|
| EVELYN ALVIR,<br><br>                         Plaintiff,<br><br>vs.<br><br>AETNA LIFE INSURANCE COMPANY OF HARTFORD a/k/a AETNA LIFE INSURANCE COMPANY a/k/a AETNA, INC.,<br><br>                         Defendants. | Index No.  706732/2016<br><br>**NOTICE TO CLERK OF SUPREME COURT OF FILING NOTICE OF REMOVAL** |

To:     Clerk of the Supreme Court
        Supreme Court, Queens County
        89-17 Sutphin Boulevard
        Jamaica, New York 11435

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Aetna Life Insurance Company, appearing on behalf of improperly pled Aetna Life Insurance Company of Hartford a/k/a Aetna Life Insurance Company a/k/a Aetna, Inc., (collectively, "Aetna"), filed on this 7th day of July, 2016, a Notice of Removal of the above-captioned matter in the United States District Court for the Eastern District of New York. Pursuant to 28 U.S.C. § 1446(d), this effects the removal of the case, and the State Court may proceed no further unless the case is remanded.

3756734-1

A true and correct copy of the Notice of Removal is attached hereto as Exhibit A.

Dated: July 7, 2016         By:     s/Patricia A. Lee

                                    PATRICIA A. LEE (PL5082)
                                    plee@connellfoley.com
                                    888 Seventh Avenue
                                    9th Floor
                                    New York, NY 10106

                                    -and-

                                    85 Livingston Avenue
                                    Roseland, New Jersey 07068
                                    (973) 535-0500 / (973) 535-9217 (Fax)
                                    *(Attorneys for Defendant Aetna Life Insurance Company*

2

Patricia A. Lee
CONNELL FOLEY LLP
888 7th Avenue, 9th Floor
New York, New York 10106
(212) 307-3700
*Attorneys for Defendant*
*Aetna Life Insurance Company*

SUPREME COURT OF THE STATE OF NEW YORK
QUEENS COUNTY

EVELYN ALVIR,

Plaintiff,

vs.

AETNA LIFE INSURANCE COMPANY OF
HARTFORD a/k/a AETNA LIFE
INSURANCE COMPANY a/k/a AETNA,
INC.,

Defendants.

Index No.  706732/2016

**NOTICE TO ADVERSE PARTY
OF FILING NOTICE OF
REMOVAL**

TO:  Lestor D. Janoff, P.C.
      200 Broadhollow Road, Suite 207
      Melville, New York 11747

PLEASE TAKE NOTICE that pursuant to 28 U.S.C §§ 1332, 1441 and 1446, a Notice of

Removal of the above-captioned action from the Supreme Court of Queens, to the United States

District Court for the Eastern District of New York, was duly filed on this 7th day of July, 2016,

in the United States District Court for the Eastern District New York, and a Notice of said

Removal was forwarded to the Clerk, Supreme Court of New York, Queens County. (A copy of

the Notice of Removal and Notice to the Clerk of the Supreme Court of filing Notice of Removal

are attached hereto.)

3751826-1

Dated: July 7, 2016          By:_____*s/ Patricia A. Lee*_____
                             PATRICIA A. LEE (PL5082)
                             plee@connellfoley.com
                             888 Seventh Avenue
                             9th Floor
                             New York, NY 10106

                             -and-

                             85 Livingston Avenue
                             Roseland, New Jersey 07068
                             (973) 535-0500 / (973) 535-9217 (Fax)
                             *Attorneys for Defendant Aetna Life Insurance*
                             *Company*

3751826-1

JS 44  (Rev. 11/15)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Evelyn Alvir

**DEFENDANTS**
Aetna Life Insurance Company of Hartford a/k/a Aetna Life Insurance Company a/k/a Aetna, Inc.

(b) County of Residence of First Listed Plaintiff     Queens
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant     Hartford
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Lester D. Janoff, Esq.
200 Broadhollow Road, Suite 207
Melville, New York 11747

Attorneys *(If Known)*
Patricia A. Lee, Esq.  Connell Foley LLC
85 Livingston Avenue
Roseland, NJ 07068

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
        Plaintiff

☐ 3  Federal Question
        *(U.S. Government Not a Party)*

☐ 2  U.S. Government
        Defendant

☒ 4  Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                           *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / Pharmaceutical |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
|  |  | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original
       Proceeding

☒ 2 Removed from
       State Court

☐ 3 Remanded from
       Appellate Court

☐ 4 Reinstated or
       Reopened

☐ 5 Transferred from
       Another District
       *(specify)*

☐ 6 Multidistrict
       Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Claim for benefits under ERISA plans

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
     UNDER RULE 23, F.R.Cv.P.

DEMAND $
250,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____                    DOCKET NUMBER _____

DATE
07/07/2016

SIGNATURE OF ATTORNEY OF RECORD
S/Patricia A. Lee

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.10 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

I, ___Patricia A. Lee_____, counsel for ___Aetna Life Insurance Company___, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

- [x] monetary damages sought are in excess of $150,000, exclusive of interest and costs,

- [ ] the complaint seeks injunctive relief,

- [ ] the matter is otherwise ineligible for the following reason

### DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

**Defendant Aetna Life Insurance Company states that it is a wholly owned subsidiary of Aetna, Inc., which is a non-governmental, publicly-traded corporation.**

### RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

### NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County: No _____

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County? No _____

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? Yes _____

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? No _____
(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

### BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

- [x] Yes       - [ ] No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

- [ ] Yes   (If yes, please explain)   - [x] No

I certify the accuracy of all information provided above.

Signature: ___S/ Patricia A.  Lee_____